# W. C. GAREY v. N. K. WOODWARD.

## ERROR TO THE COURT OF COMMON PLEAS OF SULLIVAN COUNTY.

Argued March 18, 1889—Decided June 28, 1889.

(a) In an action of trespass for taking lumber, it appeared that the plaintiff's title to a larger lot of lumber had been determined by an action of replevin between plaintiff and same defendant, and there was evidence that the lumber taken, if not a part of the lumber replevied, was lumber to which the plaintiff had the same title, which fact was known to the defendant.

1. In such case, it was error to charge the jury that if the lumber taken was not part of the lumber replevied, "the title was not adjudicated in the replevin suit as against the defendant, and their verdict should be in his favor."

Before PAXSON, C. J., STERRETT, GREEN, CLARK and WILLIAMS, JJ.

No. 86 January Term 1888, Sup. Ct.; court below, No. 12 December Term 1883, C. P.

On October 12, 1883, W. C. Garey brought trespass against N. K. Woodward to recover the value of 11,941 feet of hemlock lumber alleged to have been taken and sold by the defendant.

At the trial on May 27, 1887, it was made to appear that in May, 1883, the plaintiff Garey had brought replevin against one O. A. Seeley for 60,500 feet of hemlock lumber at Dushore Switch, a shipping place. The defendant in the replevin declined to give a claim property bond, and the sheriff delivered the lumber into the hands of Garey. Afterwards, N. K. Woodward took and sold 11,941 feet of lumber which was a part of

the lumber the subject of the replevin suit, as claimed by Garey, who then brought the present action. In the replevin case N. K. Woodward became a defendant and pleaded property in the disputed lumber in himself, and the case was so proceeded in that a verdict and judgment were had for the plaintiff, Garey, the judgment being affirmed by the Supreme Court in Seeley v. Garey, 109 Pa. 301.

The record of the action of replevin was put in evidence and testimony adduced tending to sustain the plaintiff's contention that the 11,941 feet of lumber were a part of the 60,500 feet covered by the former judgment, or, if it was not part of it, that it had been manufactured from logs belonging to the plaintiff, had been taken by him to the same station, and had been claimed and cared for by him, of which facts the defendant had full knowledge. The defendant contended and adduced testimony to show that the lumber in controversy was not at Dushore Switch, and that it was not part of the replevied lumber.

The court, SITTSER, P. J., charged the jury in accordance with the answers to the following points presented:

The counsel for the plaintiff have requested us to say to you:

1. "That under the contract given in evidence in this case between O. A. Seeley and T. J. Jordan, the sawing timber upon the tracts of land therein mentioned became the property of Thomas J. Jordan so soon as the bark was peeled therefrom. And by the sale of the same by Thomas J. Jordan to W. C. Garey, then Garey became the owner of the same."

Answer: This we affirm; this part of it.

" And if the jury believe that the lumber in controversy was manufactured from this timber, then the plaintiff is entitled to recover the value of the same with interest."

Answer: This part of it we do not affirm; for as we have already explained to you there is no evidence in this case to show that N. K. Woodward was a trespasser upon any possession of the plaintiff, unless it is shown by the record in the replevin suit, and by transactions which occurred after he took the delivery of the lumber from Seeley at Dushore.[5]

3. "If the jury believe that the sheriff having a writ of re-

plevin against O. A. Seeley went to the lumber in controversy taking possession of the same, and delivered said lumber to W. C. Garey, then their verdict must be for the plaintiff for the value of said lumber with interest."

Answer: This we affirm with this qualification: that if this was the property of Garey, and the sheriff actually took possession of the lumber and turned it over to Garey, and Garey took possession of it, then if afterwards Woodward took it, he would be a trespasser. But we say to you, that if the writ which the sheriff had in his hands did not command him to replevy this 11,941 feet, and if the sheriff in his return has not returned that he replevied it, if it does not belong to the 60,500 feet of lumber at Dushore Switch, then the action of the sheriff and of Woodward there, as testified to by themselves, and under all the evidence in this case, would not amount to a recaption of this property by Garey so as to make Woodward a trespasser in taking it away afterwards.[6]

Counsel for the defendant requests us to say:

2. "That unless the jury find from the evidence that the lumber in controversy was a part of the 60,500 at the Dushore Switch, the title was not adjudicated in the replevin suit as against the defendant, and the verdict should be for the defendant."

Answer: This we affirm.[7]

The jury returned a verdict in favor of the defendant. Judgment having been entered, the plaintiff took this writ assigning as error, inter alia:

5, 6. The answers to plaintiff's points.[5] [6]

7. The answer to defendant's point.[7]

*Mr. E. M. Dunham* and *Mr. T. J. Ingham*, for the plaintiff in error.

*Mr. H. F. Maynard* and *Mr. Rush J. Thomson*, for the defendant in error.

OPINION, MR. JUSTICE STERRETT:

In May, 1883, at suit of present plaintiff, W. C. Garey, against O. A. Seeley, a considerable quantity of lumber was

replevied by the sheriff at Dushore Switch, and delivered to plaintiff in the writ. Issue was joined on a plea of property in N. K. Woodward, defendant in this suit, and the cause was so proceeded in that a verdict in favor of the plaintiff was rendered and judgment entered thereon. That judgment was afterwards affirmed by this court, and Garey's title to the lumber was thus established: Seeley v. Garey, 109 Pa. 301.

It is claimed by plaintiff that the lumber in controversy in this suit was part of the larger lot embraced in the action of replevin; but, whether that be so or not, the evidence tended strongly to show that his title thereto was the same as to any part of the lumber that was undoubtedly replevied. It also tended to prove clearly that the defendant, Woodward, with knowledge of plaintiff's title to all the lumber, removed and sold the portion now in controversy. The fact that he took it and converted it to his own use, was not seriously disputed; but his contention was that it was not actually replevied, and therefore an action of trespass could not be maintained against him. At best, this defence is purely technical and without merit; but it was sustained by the learned judge of the Common Pleas, and he accordingly instructed the jury, as requested in defendant's second point, that unless they found from the evidence that the lumber in controversy was part of the 60,500 feet at Dushore Switch, the title was not adjudicated in the replevin suit as against defendant, and their verdict should be in his favor. This is the subject of complaint in the seventh specification. Substantially the same instruction is complained of in the third, fourth, and fifth specifications. The case was thus made to turn solely on the question, submitted to the jury as a question of fact, whether the lumber in controversy was or was not included in the replevin suit. In that we think there was error, because there was evidence from which the jury might have found other facts sufficient to warrant a verdict in favor of plaintiff. The evidence tended strongly to prove that the lumber in controversy was part of a larger lot, the title to which was in plaintiff, and that defendant with knowledge of the fact, brought home to him in the trial of the action of replevin, removed and converted to his own use the part now in controversy. If the jury had so found, as they might have done from the evidence, their verdict would not

necessarily have been for defendant. Under such circumstances a demand on defendant for the lumber would have been an idle ceremony.

The remaining specifications are not sustained. The last clause of plaintiff's first point, the refusal of which is complained of in the fifth specification, could not have been affirmed without qualification. It would have been error to do so, and hence the court was justified in refusing it.

Judgment reversed, and a venire facias de novo awarded.